**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| RICHARD N. SAYLES, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:10-cv-1281-SEB-DML |
| | ) | |
| D.L. STINE, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

# E N T R Y

This action in which Richard Sayles sought a writ of habeas corpus with respect to a prison disciplinary proceeding was dismissed as moot in a Judgment entered on the clerk's docket on January 31, 2011. Sayles has filed a motion to vacate that Judgment.

Sayles states that he signed and mailed a motion for extension of time on January 28, 2011, and that if the prison mailbox rule is applied to that filing the motion for extension of time would not have been denied as untimely. There is no prejudice associated with the denial of the motion for extension of time, however, and therefore this point does not warrant relief from the final judgment. *See In re Bartle,* 560 F.3d 724, 730 (7th Cir. 2009) (Rule 61 of the *Federal Rules of Civil Procedure* dictates that error in giving notice to a party is to be disregarded if it does not affect a party's substantive rights).

Sayles states that, substantively, there was error in the disposition of the action. This statement thus comes within the purview of Rule 59(e) of the *Federal Rules of Civil Procedure* because the purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted). If "an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992).

The petitioner asserts that the case should not have been dismissed as moot, but he does not dispute the facts that (1) the proceeding he challenged is identified as No. NCP 10-05-0030, and (2) the decision that he had violated prison rules was vacated through administrative fiat. These facts rendered the action moot. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

A court lacks jurisdiction over a claim which is moot, *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997), meaning that the proper disposition of this case has occurred.

Based on the foregoing, therefore, the petitioner's motion to vacate judgment [21], treated as a motion to alter or amend judgment, is **denied.**

**IT IS SO ORDERED.**

Date: 03/14/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Linda Sue Leonard
Linda.Leonard@atg.in.gov

Richard N. Sayles
DOC #136665
Westville Correctional Facility
5501 S. 1100 West
Westville, IN 46391